# CARTAS *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 122.  Motion to dismiss or affirm submitted October 13, 1919.—
Decided November 10, 1919.

To review a judgment of the Court of Claims dismissing a petition for
want of jurisdiction upon the ground that the facts alleged have no
tendency to establish a contract with the United States, a finding
of facts is not essential.  P. 546.

Paragraph 13 of Article 8 of the Articles for the Government of the
Navy (Rev. Stats., § 1624), which imposes a penalty on any person
in the Navy who receives, etc., on board his vessel any goods or
merchandise, for freight, sale or traffic, except gold, silver or jewels,
for freight or safe-keeping; or who demands or receives any compensa-
tion for the receipt or transportation of any other article than gold,
silver or jewels, without authority from the President or the Secretary
of the Navy; recognizes and limits the preëxisting discretion of
commanding officers to receive property on board for the protection
of private rights; and neither under this statute nor under § 1020
of the Navy Regulations, by which the compensation for the per-
mitted service is to be applied to the benefit of officers and men,
does such a deposit of gold give rise to any contract with the United
States.  P. 547.

48 Ct. Clms. 161, affirmed.

THE case is stated in the opinion.

*The Solicitor General, Mr. Assistant Attorney General
Davis* and *Mr. George M. Anderson,* for the United States,
in support of the motion.

*Mr. William R. Andrews* and *Mr. George H. Lamar,*
for appellant, in opposition to the motion.  *Mr. Thomas
M. Henry* was on the brief.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

This suit was brought to recover from the United States
$51,000 in American gold coin with interest from 1869,

based upon a contract alleged to have been made in that year by the United States as the result of a deposit of the principal sum claimed on a war vessel of the United States. The court, concluding that the facts alleged had no substantial tendency to establish a contract liability on the part of the United States either express or implied, dismissed the suit for want of jurisdiction, as its power to adjudge against the United States extended only to obligations of that character. A written opinion was filed, but no finding of facts was made. The United States suggests that the cause be remanded for such finding, but if that course were pursued only the relevant facts could be embraced in the finding and, as all such facts were admitted by the court below, the case is open to our consideration and we think there is no necessity for remanding it.

In the petition which was filed in 1902 by Ricardo Cartas, now the appellant, it was alleged that about 33 years before, in January, 1869, Carlos de Castillos deposited on board the American flagship "Contoocook," then in Havana Harbor, Spanish gold the equivalent of $51,000 in American gold coin. It was alleged that the deposit was evidenced by a receipt given by the American consul at Havana and that the petitioner was the grandson of Castillos and was vested by inheritance with all his rights growing out of the deposit. It was further alleged that the deposit was a contract between the depositor and the United States binding the United States to preserve and return the deposit when demanded, and that it had never been returned; indeed, that no demand for its return had been made during the time which elapsed either by Castillos or by anyone authorized to represent him or his interest. Further, it was averred that, although it appeared from the files of the Navy Department that a few months after the deposit was made, that is in April, 1869, it had been returned by the officer commanding the "Contoo-

cook" to one Arredondo, acting as the agent of Castillos and who was believed by such commanding officer to be fully authorized to receive it, nevertheless the contract obligation on the part of the United States yet existed because said Arredondo was not the agent of Castillos and the United States remained bound to return the said deposit and was not relieved therefrom by the payment made by such officer, although in good faith, to a person not entitled to receive it.

Admitting the facts thus alleged, it is indisputable that the only question for decision is the making of the alleged contract with the United States. Indeed, it is to that question and to that question alone that the errors assigned and the contentions advanced to sustain them relate. They all are based upon a power in the commanding officer to contract on behalf of the United States asserted to be conferred by Paragraph 13 of Article 8 of the "Articles for the Government of the Navy" (Rev. Stats., § 1624), as elucidated by § 1020 of the Navy Regulations. A brief reference to the matters thus relied upon will bring us to the end of the controversy.

The first, the statutory provision, imposes a penalty upon any person in the Navy who—"takes, receives, or permits to be received, on board the vessel to which he is attached, any goods or merchandise, for freight, sale, or traffic, except gold, silver, or jewels, for freight or safe-keeping; or demands or receives any compensation for the receipt or transportation of any other article than gold, silver, or jewels, without authority from the President or the Secretary of the Navy."

The wide discretion possessed by the commanding officer of a naval vessel concerning the receipt on board, for the protection of private rights, of gold, silver or jewels, which it was the obvious purpose of this statute not to modify, since the power as to such articles was excepted from the additional limitation which the statute imposed

as to other articles, affords no ground for the implication that contract obligations would automatically arise as against the United States from the mere exercise by the officer of his discretion. A consideration of the nature of the objects which the provision excepted and the complex and varied character of the conditions which might call for the exercise of the discretion add cogency to this view and at once suggest the incongruity and conflict which must result from the contrary contention.

And this view serves also to dispose of the contention based upon § 1020 of the Navy Regulations which but comprehensively recognizes that compensation due for services rendered as the result of the exercise of the discretion of the officer, to permit the articles in question to be taken on board, should be applied, not for the benefit of the United States in virtue of any contract relation with the subject, but for the benefit of the officers and men designated in the proportions stated in the regulation. Indeed, the coördination which the regulation thus manifests between the burden resulting from the exercise of the discretion to receive on board and the distribution of the emoluments arising from its exertion serves to point out the entire unison between the expression of legislative power and the administrative regulation and to make clear the disregard of both which would inevitably result from sustaining the contention as to contract obligation on the part of the United States now relied upon.

*Affirmed.*